[Cite as *State v. Johnson*, 2023-Ohio-1055.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220181 |
|  |  | TRIAL NO. 21CRB-152757B |
| Plaintiff-Appellee, | : |  |
| vs. | | |
|  | : | |
| DOMICO JOHNSON, | | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: March 31, 2023

*Emily S. Woerner*, City Solicitor, *William T. Horsley,* Chief Prosecuting Attorney, and *Danielle Ferris,* Assistant City Solicitor, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Sarah E. Nelson,* Assistant Public Defender, for Defendant-Appellant.

**BOCK, Judge.**

**{¶1}** Defendant-appellant Domico Johnson appeals his conviction for failing to comply with a police officer's order in violation of R.C. 2921.331(B). He argues that his conviction is supported by insufficient evidence and against the manifest weight of the evidence. We disagree and affirm his conviction.

## I. Facts and Procedure

**{¶2}** Following a prolonged traffic stop of Johnson by Cincinnati Police Officer Arthur Pitts on Interstate-75 ("I-75") in Cincinnati, Johnson was charged with failing to comply with a police officer's orders under R.C. 2921.331(B). The entire stop was recorded on footage captured by Pitts's dash cam.

**{¶3}** At the bench trial, the state's case consisted of the dash-cam footage and testimony from Pitts. Initially, another officer followed Johnson from an alleged "high crime area" onto I-75 and requested help. Pitts responded and spotted a car matching the description of Johnson's car in the heavily-congested exit lane for Interstate-74 ("I-74"). It was "bumper-to-bumper" traffic. Pitts initially pulled behind three black cars. Johnson's car was the second of the three:



{¶4}  After pausing momentarily behind the third car, Pitts pulled alongside and angled his police car, somewhat diagonally, in the direction of Johnson's car. Pitts activated his lights and Johnson quickly merged into the left lane in front of Pitts's car. Pitts testified that he believed Johnson was attempting to flee because Johnson nearly hit Pitts's car. Johnson drove northbound on I-75 at what appears to be a moderate speed. After Pitts activated his siren, Johnson quickly merged into the lane to the left of Pitts. Eventually, Johnson merged onto the leftmost shoulder of I-75 and stopped as an unmarked police car pulled in front of Johnson's car, boxing him in. Officers approached Johnson's car with their weapons drawn and Johnson surrendered. He told the officers he "wasn't trying to get away."

{¶5}  The trial court found Johnson guilty, explaining that when Pitts activated his lights, Johnson "made his maneuvers, sped up, got into two lanes over, and based on what I saw, he only stopped because there was another car in front of him." The trial court sentenced Johnson to 180 days in jail with credit for time served. On appeal, Johnson challenges his conviction in a single assignment of error.

## II.  Law and Analysis

{¶6}  Johnson argues that his conviction for failing to comply under R.C. 2921.331(B) was supported by insufficient evidence and against the manifest weight of the evidence. R.C. 2921.331(B) required the state to prove that Johnson operated his car "so as to willfully elude or flee a police officer after [he] receiv[ed] a visible or audible signal from a police officer to bring [his] motor vehicle to a stop."

{¶7}  We begin with Johnson's sufficiency argument. A challenge to the sufficiency of the evidence tests "whether, when viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential

elements of the crime proven beyond a reasonable doubt." *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶ 118, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶8}    Johnson maintains that the evidence failed to show he willfully eluded or fled from Pitts. While Ohio's mens-rea statute does not define "willful" as a mental state, willful is synonymous with acting purposely. *State v. Hill*, 1st Dist. Hamilton No. C-030678, 2004-Ohio-2275, ¶ 8. Under R.C. 2901.22(A), a person acts purposely when it is that person's "specific intention to cause a certain result, or when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature." Circumstantial evidence can be used to prove that a defendant acted purposefully. *State v. McGee,* 1st Dist. Hamilton No. C-150496, 2016-Ohio-7510, ¶ 29.

{¶9}    Johnson begins with his merge from the I-74 exit ramp back onto I-75:



{**¶10**}  Johnson contends that the semidiagonal position of Pitts's police car created some ambiguity regarding what Pitts was ordering Johnson to do. To this end, he maintains that he initially merged in front of Pitts to allow Pitts access onto the I-74 exit ramp. We agree that this maneuver alone fails to establish willful evasion or flight after receiving an order from an officer. There is some ambiguity regarding Pitts's request as it was unclear where Johnson would pull over, with two lanes of bumper-to-bumper traffic to his right.

{**¶11**}  But we disagree about Johnson's subsequent merge into the left lane:



Before this lane change, Pitts trailed Johnson and activated his siren. The order was unambiguous. Johnson abruptly merged into the left lane and failed to use his turn signal, causing the SUV behind Johnson to brake suddenly.

{**¶12**}  Johnson compares his lane change and driving to that in *State v. Bares*, 7th Dist. Mahoning No. 19 MA 0086, 2020-Ohio-4722. In *Bares*, the state's evidence was insufficient to prove that defendant James Bares failed to comply with an order when the officer testified that Bares did not accelerate or travel through red lights, and

the officer activated his lights and sirens "six to seven car lengths behind" Bares. *Bares* at ¶ 14. But unlike Bares, Pitts was behind Johnson when he activated his siren before Johnson's erratic and abrupt lane change. So when we view Johnson's lane change in a light most favorable to the state, the footage and testimony established that Johnson attempted to evade Pitts after receiving an order to stop. Therefore, the evidence was sufficient to support a conviction for failing to comply in violation of R.C. 2921.331(B).

{¶13} Alternatively, Johnson contends that his conviction is against the manifest weight of the evidence. In a manifest-weight challenge, we must "weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice." *State v. Devaughn*, 1st Dist. Hamilton No. C-180586, 2020-Ohio-651, ¶ 17, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). But even when we weigh the evidence and all reasonable inferences from the footage, we do not conclude that the trial court clearly lost its way. Johnson's erratic lane change is reasonably understood as an attempt to evade Pitts. Therefore, we overrule Johnson's sole assignment of error.

### III. Conclusion

{¶14} For the reasons stated, we overrule Johnson's single assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**ZAYAS, P.J.,** and **BERGERON, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.

6